# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00043-TWP-DLP |
| | ) |
| ROI PROPERTY GROUP MANAGEMENT, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ENTRY FOLLOWING DAMAGES HEARING

This matter is before the Court following a damages hearing on Plaintiff Richard N. Bell's ("Mr. Bell") claim for copyright infringement. On January 6, 2018, Mr. Bell filed his Complaint asserting one count of copyright infringement against Defendant ROI Property Group Management, LLC ("ROI") ([Filing No. 1](#)). ROI never filed an answer or other responsive pleading, nor did it defend this action in any way. A Clerk's default was entered against ROI on March 13, 2018 ([Filing No. 12](#)). On March 27, 2018, Mr. Bell filed a Motion for Default Judgment, which was granted on April 19, 2018 ([Filing No. 13](#); [Filing No. 15](#)). An evidentiary hearing was set so that Mr. Bell could present evidence regarding his damages on the default judgment. Following a scheduling change, a supplemental notice of the evidentiary damages hearing was mailed by the Clerk to ROI and its officers at the addresses listed on its website. (Filing No. 18). The hearing was held on June 14, 2018. ROI failed to appear at the hearing.

In his Complaint, Mr. Bell requested enhanced statutory damages for willful infringement, declaratory and injunctive relief, attorney fees, and the costs of this action. In the Court's Entry granting default judgment, the Court noted that Mr. Bell would be awarded his costs of $407.92 as well as injunctive relief following the damages hearing and a determination of the appropriate

amount of damages. The Court also determined that a declaratory judgment was no longer necessary (Filing No. 15 at 5–6).

During the evidentiary hearing, Mr. Bell requested enhanced statutory damages for willful infringement and his costs of $407.92. The Copyright Act allows the copyright owner to elect, and the Court to grant, "an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the copyright infringement is willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has broad discretion to assess damages within the statutory limits. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 231–32 (1952); *F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chi.,* 754 F.2d 216, 219 (7th Cir. 1985).

Concerning willful infringement, Mr. Bell presented evidence that the Indianapolis Photograph was published on the Internet and registered with the United States Copyright Office. He is the sole proprietor of the copyright to the Indianapolis Photograph and sells a license to use the photograph. After Mr. Bell published the Indianapolis Photograph and registered the copyright with the U.S. Copyright Office, ROI downloaded or took it from the Internet and copied it onto its website, beginning to unlawfully publish it in 2016 and 2017. Mr. Bell discovered the copyright infringement in November 2017.

As noted in the Court's Entry granting default judgment, the willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: "Copyright © 2017". (Filing No. 15 at 4; *see* Filing No. 1-2 at 2.) By placing a copyright mark at the bottom of its webpage that

contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage.

Mr. Bell testified that the vice president of ROI, Jared Garfield, was involved in an earlier lawsuit with Mr. Bell concerning copyright infringement of the same Indianapolis Photograph. The earlier lawsuit concerned a different company of which Jared Garfield was a part. That lawsuit resulted in a judgment against the company, yet even after judgement was entered, Jared Garfield wrongfully used the same Indianapolis Photograph on ROI's website. Mr. Bell argues that this is additional evidence of willful infringement. He asserts that ROI's willful conduct violated his exclusive rights as the copyright owner. The Court agrees. Based on the evidence and arguments, Mr. Bell has met his burden in this case of showing willful infringement by ROI.

In considering an appropriate amount of damages within the statutory limits, the Court notes that ROI ignored this litigation and did nothing to cooperate in the adversarial process. ROI did not cooperate in providing evidence concerning the value of the infringing material. The interests that parties hold in their copyrighted materials are significant and worthy of protection, and it is important that courts deter further infringing activities by the infringer and by others. *See Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010). In light of these considerations and the fact that Mr. Bell has shown willful infringement on the part of ROI, the Court determines that an enhanced statutory damages award of $150,000.00 as permitted by 17 U.S.C. § 504(c)(2) is appropriate.

Mr. Bell also seeks injunctive relief. Under the Copyright Act, the Court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Here, monetary damages are insufficient to fully compensate Mr. Bell for his injury because such damages will not prohibit future infringement. The only hardship

ROI will suffer from the imposition of an injunction is the inability to engage in further unlawful activity through unauthorized use of the copyrighted photograph. An injunction will serve the public interest by protecting copyrighted material and encouraging compliance with federal law. Therefore, the Court issues an injunction prohibiting ROI from posting on its website the Indianapolis Photograph at issue in this litigation or otherwise using the photograph in any other way. This injunction will remain in effect so long as the statutory damages awarded herein remain unpaid.

To summarize, Mr. Bell is awarded his costs of this litigation in the amount of $407.92 and an enhanced statutory damages award of $150,000.00 on the default judgment entered against Defendant ROI Property Group Management, LLC, for a total award to Mr. Bell of $150,407.92. Additionally, ROI is prohibited from using the Indianapolis Photograph on its website or in any other way so long as the statutory damages awarded herein remain unpaid. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 7/31/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

ROI Property Group Management, LLC
c/o Jared Garfield
113 Shady Oak Ln, Prattville AL 36066-5338